# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 11-00368-KD |
| TARGET SHIP MANAGEMENT PTE. LTD., PRASTANA TAOHIM, PAYONGYUT VONGVICHUANKUL, and PAKPOOM HANPRAP | : : | |

## ORDER

This cause came on for a hearing today's date on the petitions for repatriation filed by material witnesses Rakesh Kumar (Doc. 107; *see also* Doc. 112 (second petition)), Mukund Joshi (Doc. 108; *see also* Doc. 112 (second petition)), and Taveesak Yuanglert (Doc. 110; *see also* Doc. 112 (second petition)). The three material witnesses were present in court for the hearing, as were their attorneys-either live or by telephone. In addition, the parties in this case attended the hearing, through their attorneys, who were either present in the courtroom or attended by telephone.

The Rule 15(a) trial depositions of these material witnesses, crewmembers aboard the *M/V/ GAURAV PREM* when that vessel docked in Mobile, Alabama on or about September 18, 2011, were taken on February 8 and 9, 2012. All parties in this case, through the representations of their attorneys, informed the undersigned that the depositions of these three material witnesses were properly noticed and that all

1

procedures set forth in Rule 15 were fully complied with in this case. Indeed, counsel for all parties verified that there were no difficulties with any of the depositions, proper notice having been given and each attorney's client having had full opportunity to participate in each deposition. The only problem identified was the government's concern that Rakesh Kumar might not return for trial based upon his deposition statements to this effect. Therefore, it was the request of the government that this Court have Kumar remain in the United States pending trial.

Although the government has requested that this Court order Kumar to remain in the United States pending the trial of this cause, it has cited to no authority which would empower this Court to take such action. While the government makes the argument that deposition testimony is a poor substitute for trial testimony, such recognition does not establish that a failure of justice will occur by allowing these witnesses to be repatriated to their home countries. Indeed, just as much as the government wants Kumar to return for trial, and to this end has already served him with a trial subpoena, the defendants desire the return of Joshi and Yuanglert for trial. All three witness have authorized their Florida attorney, Daniel A. Smith, Esquire, to accept service of trial subpoenas and this is the only assurance the undersigned can give any of the parties regarding the return of these witnesses now that their Rule 15 depositions have been taken, particularly in light of the fact that one of the main justifications for allowing Rule 15 depositions is the unavailability of the witnesses to testify at trial. *See, e.g., United States v. Ramos,* 45 F.3d 1519, 1522-1523 (11th Cir. 1995)

(identifying the following three factors as guiding the exceptional circumstances analysis: "whether (1) the witness is *unavailable* to testify at trial; (2) injustice will result because testimony *material* to the movant[s'] case will be absent; and (3) *countervailing factors* render taking the deposition[s] unjust to the nonmoving party." (emphasis in original)). It would turn Rule 15 on its head for this Court to authorize the taking of such trial depositions and then turn around and require one of the witnesses who sat for his Rule 15 deposition to remain in this country because of a deposition comment that he will not likely return to this country for trial.

Based upon the foregoing, the petitions for repatriation filed by Rakesh Kumar, Mukund Joshi, and Taveesak Yuanglert (Docs. 107-108, 110 & 112) are **GRANTED.** The travel documents of these three individuals have already been released to their local counsel, Skip Brutkiewicz, Esquire, for distribution to the material witnesses. In addition to the foregoing, Target Ship Management is **ORDERED** to have its Mobile agent immediately return to Kumar, Joshi, and Yuanglert any other work (or identification) papers/books taken from these seamen pursuant to the Agreement on Security entered into by the Coast Guard and the owner and operator of the *M/V GAURAV PREM*. Finally, the Court **ORDERS** Target Ship Management to make financial and transportation arrangements for these three witnesses to return to their native homelands as soon as is practicable.[1]

---

[1] The request that the government be ordered to release these witnesses from "any detainer," etc. that might exist (*see, e.g.,* Doc. 107, at 2) is **DENIED AS UNNECESSARY**. There (Continued)

**DONE** and **ORDERED** this the 17th day of February, 2012.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

is nothing in existence to lead the undersigned to believe that there are any "detainers" or other impediments to prevent Kumar, Joshi, and Yuanglert from leaving the country. Indeed, Assistant United States Attorney Mike Anderson has informed this Court on numerous occasions that the type of "immigration parole" these witnesses enjoy in this country simply allows them to stay in the United States; it does not prohibit their departure from the United States.