# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL ACTION 11-368-KD-N |
| ) | |
| TARGET SHIP MANAGEMENT PTE, ) | |
| LTD., *et al.*, ) | |
|    Defendants. ) | |

# ORDER

In July 2011, the M/V Gaurav Prem, a vessel managed and operated by Defendant Target Ship Management Pte, Ltd. ("Target"), set sail for the United States. The Government alleges that, during the course of the voyage, there were discharges of oily waste and plastics. The accusations related to the alleged discharges of oily waste and the alleged attempt to conceal those discharges are directed against two vessel engineers, Defendants Payongyut Vongvichuankul and Pakpoom Hanprap. The accusations related to the alleged discharges of plastic and the alleged attempt to conceal those discharges are directed against Defendant Prastana Taohim ("Taohim"), the Captain of the vessel. In each instance, Target is alleged to be vicariously liable.

This matter is before the Court on the following motions related to Defendant Taohim:

**I.  Motion To Sever If Required To Proceed to Trial (Doc. 128)**

Taohim moves the Court to sever the allegations against him, arguing a misjoinder pursuant to Rule 8 of the Federal Rules of Criminal Procedure. (Doc. 128). In the alternative, Taohim argues that, in the interest of justice, severance should occur pursuant to Federal Rule of Criminal Proceudre 14. (Id.) The government opposes a severance. (Doc. 156).

In relevant part, Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

Fed. R. Crim. P. 8(b). Based on the information currently known to the undersigned, it appears that the only overlapping fact is that the alleged crimes occurred on the same vessel and on the same voyage. This is insufficient to support a finding that the alleged acts constitute the same series of acts or transactions. The Government's effort to charge them as one transaction in Count One is unavailing.[1] Accordingly, severance is necessary.

However, even if the facts could support a proper joinder, the prejudice to Taohim is evident. The Government has not refuted Taohim's contention that the evidence concerning the plastic discharges is brief (2-3 days) compared to the extensive evidence (2 weeks) concerning the oily waste discharges. As such, Taohim's argument that he could get lost in the sea of this evidence and be required to go down with the ship is meritorious. (Doc. 128-1 at 5-8; Doc. 174 at 6-7).

Also, pending before the Court is a meritorious motion to continue by the remaining defendants (Doc. 180), which has not been joined by Taohim. The likelihood of a continuance to accommodate the remaining defendants also weighs in favor of severance. There is no indication that the government would be put to the task of duplicative evidence if Taohim were to be tried separately from the remaining defendants.

---

[1] The matter is further complicated by the fact that Count One is duplicitous. The Government will be required to elect between the various offenses charged in the same count as they relate to the remaining defendants.

Accordingly, to cure the misjoinder and in the interest of justice the motion to sever is **GRANTED**.[2]

## II.  Taohim's Motion To Dismiss (Doc. 127)

Taohim moves to dismiss Counts One and Four (Doc. 127), arguing primarily, *inter alia*, that there is no United States law, regulation, or other administrative requirement for the vessel at issue to maintain a garbage record book.  Upon consideration, Taohim's motion to dismiss is **DENIED** for reasons stated in the Government's response (Doc. 152).

## III.  Defendants' Joint Motion To Dismiss (Doc. 131)

As a party to Defendants' Joint Motion to Dismiss (Doc. 131), Taohim moves to dismiss Count One, alleging that it is duplicitous.  As to Count One, the motion is **DENIED as MOOT** because the allegation against Taohim in Count One will be severed from those against the other defendants.  See supra.  Thus, the jury will be instructed only as to the allegation contained in Paragraph 2b of the Indictment.

As to Taohim's remaining arguments to dismiss (Doc. 131), i.e., that there was no pending proceeding, that the Court is without jurisdiction, and that Count Four would result in double-counting under the Sentencing Guidelines, the motion is **DENIED** for reasons stated in the Government's response (Doc. 157).

## IV.  Motion To Compel Government To Elect Between Multiplicitous Counts (Doc. 129)

Taohim next moves to require an election between what he terms as multiplicitous counts. (Doc. 129).  "An indictment is multiplicitous if it charges a single offense in more than one count."  United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008).  "Where the same

---

[2]  To be clear, Target will be subjected to two trials in its vicarious liability capacity.  However, Target has consented to this arrangement, via a telephone conference that was held today with counsel for Target, Taohim, and the Government participating.  (Doc. 197).

act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). For reasons explained in the Government's response (Doc. 153 at 4-7), the motion is **DENIED**.

Furthermore, the trial of Taohim and Target as to Counts One (¶ 2b) and Four will be held on May 15-17, 2012, with jury selection to commence on April 30, 2012.

**DONE** and **ORDERED** this the **20th** day of **April 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**