IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CRIMINAL NO. 11-368-KD-N |
| TARGET SHIP MANAGEMENT Pte., Ltd, and PRASTANA TAOHIM | ) ) | |
| Defendants. | | |

ORDER

This matter is before the court on the Defendants' "Motion for Additional Peremptory Strikes" (doc. 176), the United States' response thereto (doc. 189) and Defendants' reply (doc. 199). The undersigned held a telephone conference with counsel on April 25, 2012 on the motion. Participating in the conference were Brian McCarthy, Esq., counsel for Defendant Target Ship Management, Pte., Ltd., George Chalos, Esq., and Donald Briskman, Esq., counsel for Defendant Prastana Taohim, and Assistant United States Attorneys Michael Anderson and David O'Connell for the government.

The instant motion was filed *prior* to the District Judge's order granting defendant Taohim's motion to sever. *See* (Doc. 200)[1] During the telephone conference counsel for Defendants Target and Taohim reaffirmed that they are seeking 3 additional strikes each (for a total of 16). The government maintains that the motion should be denied, but alternatively argues that if the court is inclined to increase Defendants' number of strikes, the United States should receive a proportional increase. (Doc. 189)

The Federal Rule of Criminal Procedure 24(b) provides 20 peremptory challenges for

---

[1] Prior to the severance order the parties reported that this matter would take 14 days to try. Now severed, the trial of Taohim and Target as to Count One (¶ 2b) and Count Four will be held on May 15-17, 2012, with jury selection to commence on April 30, 2012.

defendants in a capital case and 10 challenges in other felony cases. Fed. R. Crim. P. 24(b)(1)-(2). In its discretion, the district court, "may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Id. "The exercise of peremptory challenges is a statutory- or rule-based right, and is 'not of federal constitutional dimension.' " United States v. Lopez, 649 F.3d 1223, 1243 (11th Cir. 2011), quoting United States v. Martinez–Salazar, 528 U.S. 304, 311, 120 S.Ct. 774, 779, 145 L.Ed.2d 792 (2000). Further, "[t]he district court is not required to give the defense side any extra peremptory challenges in multiple defendant trials." Lopez, 649 F. 3d at 1243 citing Stilson v. United States, 250 U.S. 583, 586–87, 40 S.Ct. 28, 29–30, 63 L.Ed. 1154 (1919).

The pertinent part of the indictment charges that during the course of the voyage of the M/V Gaurav Prem, there were discharges of plastics and an attempt to conceal those discharges by the vessel's captain, Defendant Prastana Taohim. Target is alleged to be vicariously liable. The matter has received some media attention, but nothing excessive or pervasive. The undersigned finds nothing so unusual about the circumstances of this case that justifies the use of additional jurors on the panel for selection.

Upon consideration of the motion and all related briefing, along with the arguments made by counsel during the telephone conference, the undersigned finds that the circumstances presented and the nature of this action do not warrant additional peremptory challenges. Accordingly, the Defendants' motion (doc. 176) is DENIED.

DONE this the 25th day of April 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**